<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

GRANT HEILMAN PHOTOGRAPHY, INC. )
and                             )
GRANT HEILMAN,                  )
                                )   Civil Action
            Plaintiffs          )   No. 11-cv-1665
    vs.                         )
                                )
JOHN WILEY & SONS, INC. and     )
JOHN DOE PRINTERS 1-10,         )
                                )
            Defendants          )

                        *   *   *

APPEARANCES:

        MAURICE HARMON, ESQUIRE
        AUTUMN WITT BOYD, ESQUIRE
            On behalf of Plaintiffs

        ASHIMA AGGARWAL, ESQUIRE
        DEBORAH H. SIMON, ESQUIRE
        JOSEPH J. BARKER, ESQUIRE
        MICHAEL BERRY, ESQUIRE
        ROBERT PENCHINA, ESQUIRE
            On behalf of Defendant John Wiley & Sons, Inc.

                    <u>O P I N I O N</u>

JAMES KNOLL GARDNER,
United States District Judge

        This matter is before the court on Defendant John Wiley

& Sons, Inc.'s Motion for Reconsideration[1], which motion was

filed June 8, 2011 (Document 66).[2]  For the following reasons, I

grant defendant Wiley's motion for reconsideration.

---

        [1]     Defendant John Wiley & Sons, Inc. will be referred to in this
Opinion as "Wiley" except where its full name appears in a document title.

        [2]     Plaintiffs' Opposition to Defendant John Wiley & Sons, Inc.'s
Motion for Reconsideration was filed June 22, 2011 (Document 82).

                Defendant's Reply Brief in Support of its Motion for
Reconsideration was filed July 7, 2011 (Document 90).

Specifically, I grant Wiley's motion for reconsideration of my Order dated May 16, 2011 (Document 52) denying Defendant John Wiley & Sons, Inc.'s Motion to Quash Hearing Subpoenas (Document 40) to the extent that the Order denied Wiley's motion to quash subpoenas duces tecum served prior to the May 16, 2011 preliminary injunction hearing in this matter.  Upon reconsideration, I amend the Order and grant Wiley's motion to quash the subpoenas duces tecum.

<u>BACKGROUND</u>

According to the averments in plaintiffs' Complaint, and testimony presented at an injunction hearing, plaintiff Grant Heilman Photography, Inc. ("Heilman Photography") is a stock photography agency which licences photographs on behalf of a number of photographers, including plaintiff Grant Heilman, a well-known professional photographer.  Heilman Photography maintains its principle place of business in Lititz, Pennsylvania.

Acting on behalf of the photographers it represents, Heilman Photgraphy, in return for a fee, issues limited licenses to publishers to permit the reproduction of its photographs in their publications.  In turn, Heilman Photography compensates the photographers for the use of the photographs with a fee, royalty, or other payment in accordance with the agreement between Heilman

Photography and the photographers whose photographs are being published.

Defendant John Wiley and Sons, Inc. ("Wiley") is a publisher of mainly college-level educational textbooks, with its primary office in Hoboken, New Jersey.  Wiley sells and distributes textbooks in Pennsylvania, throughout the United States, and in other countries.

COMPLAINT

On March 8, 2011, plaintiffs filed a three-count Complaint, which includes a jury demand.  Specifically, Count I is a claim for copyright infringement against defendant Wiley, in violation of 17 U.S.C. § 501.  Count II is a claim for common-law fraud against defendant Wiley.  Count III is a claim for copyright infringement against defendant John Doe Printers 1-10, in violation of 17 U.S.C. § 501.  Plaintiffs allege that the identity of these printers is known to defendant, but unknown to plaintiffs.

Plaintiffs' prayer for relief seeks a preliminary and permanent injunction against defendants and anyone acting in concert with them from copying, displaying, distributing, selling or offering to sell plaintiffs' photographs, both described in the Complaint and not included in this suit.  Injunctive relief is authorized by 17 U.S.C. § 502.  Plaintiff also seeks impoundment of all copies of photographs used in violation of

-3-

their copyrights as well as all related records, and destruction or other reasonable disposition of the photos upon final judgment, pursuant to 17 U.S.C. § 503.

Plaintiffs additionally seek actual damages and all profits derived from unauthorized use of their photographs, or statutory damages if they so elect.  Finally, plaintiffs seek reasonable attorney's fees, costs, punitive damages against defendant Wiley, and other relief as the court deems proper.

Plaintiffs' request for a preliminary injunction arises out of defendants' alleged infringement of certain of plaintiffs' copyrighted photographs.  Specifically, plaintiffs allege that they are the owners and exclusive copyright holders of certain photographs, and that between 1995 and 2009, plaintiffs sold defendant Wiley limited licenses to use the photographs in numerous educational publications.  The licenses were limited by number of copies, distribution area, language, duration, and media.

Plaintiffs allege that defendant Wiley exceeded the permitted uses under the terms of the limited licenses in certain identified publications.  Plaintiffs further allege that defendant Wiley used other identified photographs without *any* permission.

Plaintiffs also allege that when requesting to use the photos, defendant Wiley represented that it needed only limited

-4-

permission, knowing that Wiley's actual use would exceed the permission it was requesting and paying for.  Plaintiffs allege that Wiley made these misrepresentations to obtain the photographs at a lower cost, and that plaintiffs relied to their detriment on the misrepresentations when establishing their licensing fees.

## MOTION FOR PRELIMINARY INJUNCTION

On March 8, 2011, plaintiffs filed a Motion for Preliminary Injunction to stop defendant Wiley from allegedly infringing its copyrights now and in the future.[3]  Plaintiffs clarify in their motion that they simply seek an Order prohibiting future printings and distribution of their infringed images, but do not seek retrieval of textbooks which have already been distributed to schools.[4]  A preliminary injunction hearing was held over the course of five days -- May 16, 17, 20, 31, and June 1, 2011.

## PROCEDURAL HISTORY

On April 6, 2011, Plaintiffs' First Set of Document Requests to Defendant John Wiley & Sons, Inc. was served.[5]

---

[3]     See Motion for Preliminary Injunction at page 1 (Document 3).

[4]     See id. at page 11.

[5]     See Plaintiffs' First Set of Document Requests to Defendant John Wiley & Sons, Inc. (Document 48-2).

Plaintiffs' request contained ten numbered paragraphs describing "Documents Requested".[6]

On May 6, 2011, John Wiley & Sons served Defendant's Response to Plaintiffs' First Set of Document Requests.[7]  Wiley's response contains both general objections and specific objections to each of the ten categories of documents sought in plaintiffs' first set of document requests.[8]

On May 10, 2011, pursuant to my March 19, 2007 Standing Order, plaintiffs submitted a letter request to United States Magistrate Judge Henry S. Perkin addressing several discovery disputes.  Plaintiffs sought a motion to compel from Magistrate Judge Perkin only with respect to document request number 10.

By Order dated May 11, 2011, Magistrate Judge Perkin sustained Wiley's objection to document request number 10. Despite Wiley's objections to document request numbers 1 through 9, plaintiffs did not seek a motion to compel production of those documents from Magistrate Judge Perkin before serving their preliminary injunction subpoenas seeking the very same documents.[9]

---

[6]    See id. at pages 4-5.

[7]    See Declaration of Joseph J. Barker, Exhibit A (Document 66-1).

[8]    See id.

[9]    See Order of the Honorable Henry S. Perkin dated May 11, 2011. (Document 34).

-6-

On May 10, 2011, plaintiffs also served preliminary injunction hearing subpoenas on six of Wiley's officers and employees.  In addition to requiring the presence of the subpoena recipients at the preliminary injunction hearing to testify, the hearing subpoenas requested the recipient to bring with them the same documents requested by Plaintiffs' First Set of Document Requests to John Wiley & Sons.[10]  Thus, despite having received Wiley's objections to document request numbers 1 through 10, and despite not yet having challenged nine of those objections through a motion to compel before Judge Perkin,[11] plaintiffs

---

[10]     See Plaintiffs' Opposition to Defendant John Wiley & Sons, Inc.'s Motion for Reconsideration at page 3.

[11]     Three days after serving their hearing subpoenas, plaintiffs submitted to Magistrate Judge Perkin a letter motion to compel production of documents responsive to document requests 4, 8, and 9.

In their May 13, 2011 letter motion, plaintiffs made a general assertion that Wiley had not produced documents responsive to document request 4.  Plaintiffs specifically argued that: (1) two form letters which Wiley utilized to seek license extensions from licensors should be produced as responsive to document request 8; and (2) a list compiled by Wiley of its unlicensed uses of third-party images in its textbooks should be produced as responsive to document requests 8 and 9.

Wiley submitted a letter response to Magistrate Judge Perkin on May 17, 2011.  With respect to the two form letters, Wiley did not deny their existence, but argued that the form letters had not been used in a deposition witness's preparation and were not actually responsive to document request 8.  With respect to the list of textbooks with unlicensed uses of third-party images, Wiley objected that (1) the list was prepared for, and at the request of, Wiley's counsel and was therefore a privileged attorney-client document; and (2) the list contained all textbooks published by Wiley, not just those textbooks at issue in this matter.

By Order dated May 18, 2011 (Document 43), Magistrate Judge Perkin granted, in part, plaintiffs' motion to compel production of the form letters. Specifically, Magistrate Judge Perkin ordered defendant to produce within seven days, by May 25, 2011, the two form letters identified by Kaye Pace during her deposition, with the licensor, textbook, and photograph at issue redacted.  On May 19, 2011, Wiley produced, among other things, two redacted

(Footnote 11 continued:)

-7-

sought to compel the production of those same documents through its preliminary injunction subpoenas.

On May 13, 2011, defendants moved to quash five of the six subpoenas to the extent they sought to compel testimony, and moved to quash all six of the subpoenas to the extent they sought to compel the production of documents at the hearing.[12]   Wiley moved to quash the subpoenas duces tecum because "plaintiffs

---

(Continuation of footnote 11:)

form letters.  See Declaration of Autumn Witt Boyd, Exhibit D at pages 1-2 (Document 48-5).

By the same Order dated May 18, 2011, Magistrate Judge Perkin granted plaintiffs' motion to compel production of the list of all of Wiley's textbooks, indicating whether the textbooks were in compliance with the applicable visual arts licenses.  The list was ordered to be produced within seven days, by May 25, 2011.

However, upon reconsideration and by Order dated May 27, 2011 (Document 60), Magistrate Judge Perkin amended his May 18, 2011 Order to deny plaintiffs' motion to compel production of the list.  Magistrate Judge Perkin's amendment to the May 18th Order was based upon his finding that the list was compiled at the request of Wiley's counsel after commencement of this action.  See Order of Magistrate Judge Henry S. Perkin dated May 27, 2011 at page 1, footnote 3.

In sum, at the time plaintiffs served their preliminary injunction hearing subpoenas on May 10, 2011, Magistrate Judge Perkin had not ordered the production of any of the documents which the subpoena recipients were instructed to produce at the hearing.  Plaintiffs' May 10, 2011 motion to compel production of documents responsive to document request 10 was denied by Magistrate Judge Perkin's Order dated May 11, 2011, which sustained Wiley's objection to document request 10.

Plaintiffs' May 13, 2011 motion to compel, filed after service of plaintiffs' hearing subpoenas, sought an order compelling documents responsive to document requests 4, 8, and 9.  Magistrate Judge Perkin granted the motion to compel and ordered only production of two form letters identified in the deposition of Kaye Pace.  On May 19, 2011, Wiley produced the form letters.

These efforts by plaintiffs to obtain motions to compel the production of documents responsive to document requests 4, 8, 9, and 10 does not change my assessment, upon reconsideration, of Wiley's motion to quash the hearing subpoenas.

[12]    See Defendant John Wiley & Sons, Inc.'s Motion to Quash Hearing Subpoenas at page 2 (Document 40).

served their subpoenas requiring the production of documents just three business days prior to the preliminary injunction hearing" and "[t]hree days is not a reasonable amount of time for Wiley to produce documents in response to plaintiffs subpoenas."[13]

The first day of the preliminary injunction hearing, May 16, 2011, was spent resolving Defendant John Wiley & Sons, Inc.'s Motion to Quash Hearing Subpoenas.

After hearing oral argument from counsel, I issued an Order, dated May 16, 2011, granting in part and denying in part defendant's motion to quash hearing subpoenas.  I denied the motion to the extent it sought to quash all six subpoenas duces tecum.[14]

On May 19, 2011, between the second and third days of the preliminary injunction hearing, Wiley produced 92 pages of documents and textbooks allegedly responsive to document request numbers 1, 2, 4, 5, 7 and 8.[15]

On May 23, 2011, Plaintiffs' Motion to Hold Defendant John Wiley & Sons, Inc. In Contempt of Subpoenas Duces Tecum

---

[13]   Wiley cited the decision of the United States Court of Appeals for the Ninth Circuit in <u>Donoghue v. Orange County</u>, 848 F.2d 926, 931 (9th Cir. 1987), in support of its untimeliness argument.  Defendant John Wiley & Sons,

Inc.'s Motion to Quash Hearing Subpoenas at page 2.  In <u>Donoghue</u>, the Ninth Circuit affirmed the trial court's order quashing a subpoena duces tecum seeking expansive categories of documents which was served one week prior to trial.

[14]   <u>See</u> Order dated May 16, 2011 (Document 52).

[15]   <u>See</u> Declaration of Autumn Witt Boyd (Document 48-1); Exhibit D to Boyd Declaration (Document 48-5).

(Document 48) was filed.  Plaintiffs argue that Wiley should be
held in contempt for refusing to comply with the subpoenas duces
tecum issued May 10, 2011 and my Order dated May 16, 2011 and
entered on May 25, 2011 denying Wiley's motion to quash those
subpoenas.

On June 8, 2011, defendant filed its motion for
reconsideration.  Wiley seeks to modify my Order dated May 16,
2011 so as to grant Wiley's motion to quash the preliminary
injunction hearing subpoenas duces tecum.  The Order dated May
16, 2011, and the subpoenas duces tecum upon which Wiley seeks
reconsideration, are the documents which provide the foundation
for plaintiffs' motion for contempt.[16]

## STANDARD OF REVIEW

Rule 7.1(g) of the Rules of Civil Procedure for the
United States District Court for the Eastern District of
Pennsylvania permits a party to file a motion for
reconsideration.  The purpose of such motion

> is to correct manifest errors of law or fact or to
> present newly discovered evidence....Courts will
> reconsider an issue only when there has been an
> intervening change in the controlling law, when
> new evidence has become available, or when there
> is a need to correct a clear error or prevent
> manifest injustice.

Burger King Corporation v. New England Hood and Duct Cleaning
Company, 2000 U.S.Dist. LEXIS 1022, at *4-5 (E.D.Pa. Feb. 4,

---

[16]   See Plaintiffs' Motion to Hold Defendant John Wiley & Sons, Inc.
In Contempt of Subpoenas Duces Tecum at page 2.

-10-

2000) (Bechtle, S.J.) (internal quotations omitted).

Where the grounds for the motion for reconsideration
are to correct a manifest injustice, the party must persuade the
court that not only was the prior decision wrong, "but that it
was clearly wrong and that adherence to the decision would create
a manifest injustice." Payne v. DeLuca, 2006 U.S.Dist. LEXIS
89251, at *5-6 (W.D.Pa. December 11, 2006) (Hardiman, J.)
(quoting  In re City of Philadelphia Litigation, 158 F.3d 711,
718, 720-721 (3d Cir. 1998)).

Mere dissatisfaction with the Court's ruling is not a
proper basis for reconsideration. Glendon Energy Co. v. Borough
of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993) (Cahn, C.J.).
A motion for reconsideration is not properly grounded on a
request that a court rethink a decision it has already made.
Tobin v. General Electric Co., 1998 WL 31875, at *1 (E.D.Pa.
January 27, 1998) (Van Artsdalen, J.).

However, reargument may be appropriate where the Court
has "patently misunderstood a party, or has made a decision
outside the adversarial issues presented to the Court by the
parties, or has made an error not of reasoning but of
apprehension." Johnson v. Diamond State Port Corp.,
50 Fed.Appx. 554, 560 (3d Cir. 2002)(quoting Brambles USA, Inc.
v. Blocker, 735 F.Supp. 1239, 1241 (D.Del. 1990)).

DISCUSSION

Defendant John Wiley & Sons seeks a modification of my Order dated May 16, 2011, and filed May 25, 2011 (Document 52).[17] Specifically, defendant requests that I modify my Order by granting the motion to quash the portion of the subpoenas duces tecum requiring production of the identical documents which plaintiffs sought in Plaintiffs' First Set of Document Requests to John Wiley and Sons, Inc.

Defendant contends that its motion for reconsideration should be granted because, among other things, the court misapprehended plaintiffs' disregard for the court's rules regarding discovery disputes.[18]

---

[17]   Plaintiffs' argue that Wiley's motion for reconsideration is untimely because is seeks reconsideration of my Order dated May 16, 2011, and the motion for reconsideration was filed June 8, 2011. Plaintiffs' argue that the motion for reconsideration was required to be filed on or before May 30, 2011. See Plaintiffs' Opposition to Defendant John Wiley & Sons, Inc.'s Motion for Reconsideration at pages 2-3.

Rule 7.1(g) of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania requires motions for reconsideration to be served and filed within fourteen days after the entry of the judgment, order, or decree concerned.

Although my Order was dictated orally on the record in open court during the May 16, 2011 hearing, thereafter it was typed, signed, filed and entered on the docket on May 25, 2011. Wiley's motion for reconsideration was filed June 8, 2011, exactly fourteen days after my Order was entered on the docket. See Order dated May 16, 2011 (Document 52 lists May 25, 2011 as the "date filed").

[18]   See Defendant John Wiley & Sons, Inc.'s Memorandum of Law in Support of its Motion for Reconsideration at pages 3-5. Wiley also seeks reconsideration on the grounds that the court's Order dated May 16, 2011 is unclear as to who must comply with the subpoenas, and that the Order dated May 16, 2011 does manifest injustice by requiring compliance with a subpoena served shortly before the hearing. See id. at pages 5-7.

Reconsideration of Order Denying
Motion to Quash Subpoenas

Defendant Wiley contends that the court denied its

motion to quash the preliminary injunction hearing subpoenas

duces tecum based on the misunderstanding that plaintiffs had

already addressed Wiley's document production before Magistrate

Judge Perkin "and/or" that plaintiffs had sought a motion to

compel document production from Magistrate Judge Perkin and that

Judge Perkin had resolved the dispute.[19]

In support of this contention, Wiley quotes a portion

of the preliminary hearing transcript where I explained my

reasons for not quashing the subpoenas duces tecum.[20]  I quote

here from a larger section than Wiley did, and do so because this

excerpt consists of the stated reasons for my resolution of the

dispute as to the subpoenas duces tecum:

> In that regard, I accept Plaintiffs'
> representation that these documents that were
> requested in Plaintiffs' First Request for
> Production of Documents some time ago and that
> under the Rules those documents were required to
> have been produced by May 9 of 2011, some seven
> days ago, and when they were not produced by the
> deadline, Plaintiff in a second effort to obtain
> those documents previously requested one day later
> served the Subpoena Duces Tecum; and with that
> background, which I accept, I find that [1] the
> request for the documents was not made three
> business days ago but was made sufficiently long

---

[19]     Defendant John Wiley & Sons, Inc.'s Memorandum of Law in Support
of its Motion for Reconsideration at page 4.

[20]     See id. (quoting transcript page 148, lines 8-17).

-13-

> ago, that after the 20 or 30 days that Defendants
> have to respond to the previous Discovery Motion
> to Produce Documents, they were not produced, and
> that it was appropriate to request those documents
> to be produced by today's date because they may
> have been relevant in direct examination or cross-
> examination of witnesses in the hearing on the
> Preliminary Injunction and [2] because even if not
> relevant to the hearing on Preliminary Injunction,
> the parties were all going to be getting together
> at this time and it would be appropriate for
> Defendants to produce those documents previously
> requested and apparently either not objected to or
> objected to but overruled by Magistrate Judge
> Perkin and the subpoena for those documents under
> the totality of circumstances is appropriate and
> that's why I denied the Motion to Quash in that
> regard.[21]

Wiley contends that "[i]nstead of bringing a motion to compel before Magistrate Judge Perkin in connection with their First Set of Document Requests in accordance with the Court's 'Standing Order #2,'" plaintiffs sought to use the subpoenas duces tecum "to correct their own strategic errors in pursuing the preliminary injunction" by requesting the exact same categories of documents addressed in plaintiffs' first set of document requests.[22]

I agree with Wiley that plaintiffs were required, by my Standing Order dated March 19, 2007, to present their dispute

---

[21]    Transcript of Oral Argument, May 16, 2011, at page 147, line 4 through page 148, line 17.

[22]    See Wiley's Motion for Reconsideration at page 4. "Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties and are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." Thomas v. IEM, Inc., 2008 WL 695230, at *2 (M.D.La. March 12, 2008).

regarding Wiley's objections to the first set of document requests to Magistrate Judge Perkin.[23]

Indeed, it appears plaintiffs were also well aware of their obligation under the Standing Order.  On May 10, 2011, the same day plaintiffs served their hearing subpoenas, plaintiffs contested Wiley's objection to document request number 10 by email transmission to the chambers of Magistrate Judge Perkin. Wiley responded regarding document request number 10 in their own email to Judge Perkin the following day.  On May 11, 2011, Magistrate Judge Perkin issued an Order sustaining Wiley's objection to document request number 10.[24]

Plaintiffs' May 10, 2011 email contesting Wiley's objection to document request 10 is silent regarding Wiley's objections to document requests numbers 1 through 9, despite the fact that those objections were all raised in Wiley's May 6, 2011 response to plaintiffs' first set of document requests.[25]

When, in articulating my reasons for upholding the subpoenas duces tecum, I stated: "it would be appropriate for Defendants to produce those documents previously requested and *apparently either not objected to or objected to but overruled by*

---

[23]    See Standing Order dated March 19, 2007, <u>available at</u> http://www.paed.uscourts.gov/documents/procedures/standord/garpole.pdf.

[24]    See Order of Magistrate Judge Henry S. Perkin dated May 11, 2011 (Document 34).

[25]    Footnote 11 discusses plaintiffs' subsequent efforts to compel the production of documents after serving their hearing subpoenas.

Magistrate Judge Perkin".[26]  In so stating, I failed to apprehend
(nor did either counsel correct my misapprehension) that
(1) Wiley had in fact objected to plaintiffs' first set of
document requests; (2) plaintiffs did not challenge Wiley's
objections to document requests numbers 1 through 9 prior to
serving their hearing subpoenas on May 10, 2011; and
(3) Magistrate Judge Perkin did not Order the production of
documents responsive to document requests 1 through 10 prior to
the preliminary injunction hearing.

The vast majority of plaintiffs' oral argument in
opposition to Wiley's motion to quash the preliminary injunction
hearing subpoenas was directed towards explaining how the
testimony of the witnesses subpoenaed would be relevant to a
decision on the motion for preliminary injunction.[27]

However, plaintiffs' counsel, Autumn Witt Boyd,
Esquire, addressed the issue of plaintiffs' first set of document
requests and the subpoenas duces tecum at the beginning of her
argument.  Plaintiffs contend that they received the first set of
documents produced by Wiley on May 9, 2011 and "were still
receiving a trickle of documents all of last week[, the week

---

[26]     Transcript of Oral Argument, May 16, 2011, at page 148, lines 8-13.

[27]     See Transcript of Oral Argument, May 16, 2011, at page 36, line 20 through page 95, line 14.

before the hearing]."[28]

In response to my question whether plaintiffs had received some 1,700 pages from Wiley, Attorney Boyd stated that was correct, but "that's really a fraction of what we asked for."[29]

I then asked whether plaintiffs had taken steps to obtain production of whatever documents they believed they were entitled to receive from Wiley but have not received.[30]

Attorney Boyd responded that plaintiffs "took it up with Judge Perkin last week and he made some rulings.  Some of the documents Wiley has promised to produce.  So there's not really anything to take up with the Magistrate other than just the timing of the production."[31]

At this point in plaintiffs' oral argument (in opposition to Wiley's motion to quash the preliminary injunction

---

[28]    Transcript of Oral Argument, May 16, 2011, at page 37, lines 5-11.

[29]    Transcript of Oral Argument, May 16, 2011, at page 36, lines 13-20.

[30]    Transcript of Oral Argument, May 16, 2011, at page 36 at lines 20-25.  As discussed further in footnote 11, the only Order issued by Magistrate Judge Perkin regarding a motion to compel documents requested in document requests 1 through 10 was the Order dated May 11, 2011 sustaining Wiley's objection to document request 10.

Plaintiffs did submit an email motion to Magistrate Judge Perkin on May 13, 2011, which addressed document request 4 generally, and document requests 8 and 9 specifically.  However, Magistrate Judge Perkin's May 18, 2011 Order, as amended by Magistrate Judge Perkin's Order of May 27, 2011, only ordered the production of two form letters responsive to document request 8, which Wiley produced on May 19, 2011.

[31]    Transcript of Oral Argument, May 16, 2011, at page 38, lines 1-8.

-17-

hearing subpoenas) on May 16, 2011 during the preliminary injunction hearing, the discussion and argument shifted to the dispute over the relevance of potential testimony from the witnesses whose subpoenas Wiley was seeking to quash.[32]

In fact, Attorney Boyd's response did not paint an entirely accurate picture.  Plaintiff did take up Wiley's objection to document request numbers 4, 8, 9, and 10 through motions to compel, which were transmitted by email to Magistrate Judge Perkin: one on May 10, 2011 regarding document request 10, and a second on May 13, 2011 regarding document requests 4, 8, and 9.

However, on the day that the hearing began and I heard oral argument on Wiley's motion to quash, the only ruling yet issued by Magistrate Judge Perkin on plaintiffs' motions to compel upheld Wiley's objection to document request number 10.[33] Following the oral argument on the motion to quash, Magistrate Judge Perkin's May 18, 2011 Order, amended by Magistrate Judge Perkin's May 27, 2011 Order, and which addressed the motion to compel submitted May 13, 2011 concerning document requests 4, 8, and 9, only ordered Wiley to produce two form letters in response to document request 8.

---

[32]   See Transcript of Oral Argument, May 16, 2011, at pages 39 through 95.

[33]   See Order of Magistrate Judge Henry S. Perkin dated May 11, 2011 (Document 34).

Moreover, Wiley's response to plaintiffs' first set of document requests included both general objections and specific objections to document requests numbers 1 through 10.  Wiley's objections to document requests 1, 2, 3, 5, 6, and 7 would certainly have been something to take up with Magistrate Judge Perkin pursuant to my Standing Order on discovery if plaintiffs wanted to contest Wiley's objections.

Finally, Attorney Boyd's assertion that Wiley had promised to produce some of the requested documents left unstated the highly pertinent point that Wiley's promise to produce documents responsive to plaintiffs' first set of document requests was subject to all of the objections asserted in Wiley's response to the document request.[34]

I do not reconsider my prior ruling merely because Wiley has expressed dissatisfaction, see Glendon Energy, supra, but rather, because upon review it is clear that I "made an error not of reasoning but of apprehension."  Diamond State Port Corp., supra.

---

[34]   The following appears in Wiley's response to plaintiffs' first set of document requests:

> Wiley states that the term "will produce," as used in these responses, means that Wiley will produce documents responsive to the Requests to the extent that such documents exist and are not subject to any of the General Objections and specific objections set forth herein.  Wiley's statement that it "will produce" documents should not be construed as a statement or concession that such documents in fact exist or are relevant or admissible into evidence.

(Defendant's Response to Plaintiffs' First Set of Document Requests at page 4, ¶ 10 (Document 85-1).)

<u>Granting Motion to Quash Subpoenas</u>

Wiley moved to quash the subpoenas duces tecum because "plaintiffs served their subpoenas requiring the production of documents just three business days prior to the preliminary injunction hearing" and "[t]hree days is not a reasonable amount of time for Wiley to produce documents in response to plaintiffs subpoenas."[35]

Wiley reasserts its timeliness argument in its motion for reconsideration and contends that "it is a manifest injustice to require anyone -- whether the individuals named in the subpoenas or Wiley -- to respond to these extensive [document] demands in just three business days, especially in light of Wiley's objections to the identical document requests" which plaintiffs' never brought before Magistrate Judge Perkin.[36]

Plaintiffs' argue in opposition that Wiley cannot use a motion for reconsideration to simply re-litigate a point of disagreement with the court.[37]  Plaintiffs are correct that simply restating the same arguments based on same facts is not a proper basis for reconsideration, <u>see</u> <u>Lazaridis v. Wehmer,</u>

---

[35]    Wiley cited Fed.R.Civ.P. 45(c)(A)(i) and <u>Donoghue v. Orange County</u> in support of its untimeliness argument.  Defendant John Wiley & Sons, Inc.'s Memorandum of Law in Support of its Motion to Quash Hearing Subpoenas at page 1 (Document 40).

[36]    Defendant John Wiley & Sons, Inc.'s Memorandum of Law in Support of its Motion for Reconsideration at pages 6-7.

[37]    Plaintiffs' Opposition to Defendant John Wiley & Sons, Inc.'s Motion for Reconsideration at pages 5-6.

591 F.3d 666, 669 (3d Cir. 2010) (affirming district court denial

of reconsideration).  However, plaintiffs overlook the fact that

Wiley's argument that the subpoenas duces tecum were untimely

under both Rule 45.1 of the Local Rules of Civil Procedure for

the Eastern District of Pennsylvania and Rule 45(c)(3)(A)(i) of

the Federal Rules of Civil Procedure is intertwined with Wiley's

misapprehension argument.

Specifically, I refused to quash the hearing subpoenas

duces tecum as untimely because the documents requested in the

subpoenas were identical to those sought in plaintiffs' first set

of document requests.  As discussed <u>supra</u>, I was under the

mistaken impression that Wiley had received the plaintiffs' first

set of document requests and either not objected to the request

or objected and had its objections overruled by Magistrate Judge

Perkin.[38]

Rule 45 of the Federal Rules of Civil Procedure states

that a court "must quash or modify a subpoena that...fails to

allow a reasonable time to comply."  Fed.R.Civ.P. 45(c)(A)(i).

"Although Rule 45 does not define 'reasonable time,' many courts

have found fourteen days from the date of service as

presumptively reasonable."  <u>Cris v. Fareri</u>, 2011 WL 4433961,

at *2 (D.Conn. September 22, 2011).

---

[38]   <u>See</u> Transcript of Oral Agument, May 16, 2011, at page 147, line 4
through page 148, line 17.

In <u>Donoghue v. County of Orange</u>, which Wiley cites in support of its untimeliness argument, the United States Court of Appeals for the Ninth Circuit held that the district court did not abuse its discretion in quashing a subpoena duces tecum served on the defendant one week before trial.

The United States Court of Appeals for the Third Circuit has not defined "reasonable time" for the purposes of Rule 45(c)(A)(I).

In response to Wiley's argument that the subpoenas duces tecum were untimely served, plaintiffs argue that the documents subject to the subpoena duces tecum were requested 43 days before Wiley filed its motion to quash.[39]  While the document requests were served more than 40 days before the hearing, Wiley timely raised objections to all 10 categories of documents requested.  Plaintiffs' knew of Wiley's objections

---

[39]    See Transcript of Oral Argument, May 16, 2011, at page 183, lines 16-24.  The following exchange took place with plaintiffs' counsel regarding the documents at issue:

    MR. HARMON:        Your Honor, 43 days ago we submitted this list [of documents] to them for our request and, again, we limited those [text]books to 20.

    THE COURT:         That was your first Motion to produce the documents that I was talking about in my ruling?

    MR. HARMON:        That's correct?

    THE COURT:         43 days ago?

    MR. HARMON:        That's correct, your honor.

Id. at page 183, line 16 through page 184, line 1.

prior to serving the subpoenas duces tecum, yet they only challenged one of Wiley's ten objections before Magistrate Perkin, who sustained defendant's objection.

Upon reconsideration, I find that plaintiffs' subpoenas duces tecum should have been quashed because they did not allow a reasonable time to comply, as required by Rule 45(c)(3)(A)(i) of the Federal Rules of Civil Procedure.

Specifically, plaintiffs served the subpoenas duces tecum on May 10, 2011, with three business and five calendar days between the date of service and the start of the proceeding on May 16, 2011, knowing that Wiley objected to every category of documents covered by the subpoenas.  Despite awareness of Wiley's objections, plaintiffs served their hearing subpoenas without having resolved Wiley's standing objections to the documents sought by those subpoenas before Magistrate Judge Perkin as required by my Standing Order concerning discovery.

In light of the Wiley's objections pending at the time of service and the scope of the documents requested, I find that the subpoenas duces tecum did not allow for a reasonable time to comply.  Therefore, upon reconsideration, the plaintiffs' subpoenas duces tecum for the hearing are quashed.

### CONCLUSION

John Wiley & Sons, Inc's Motion for Reconsideration is granted for the reasons articulated herein.  Upon

-23-

reconsideration, the Order dated May 16, 2011 denying Wiley's motion to quash subpoenas duces tecum is amended and the subpoenas duces tecum are quashed retroactive to that date.

As a result of the subpoenas being quashed, the persons subpoenaed (defendant Wiley's officers and employees) did not have an obligation to produce the documents subpoenaed. Therefore, they cannot be in contempt of the subpoenas duces tecum.  Accordingly, I dismiss as moot Plaintiffs' Motion to Hold Defendant John Wiley & Sons, Inc. in Contempt of Subpoenas Duces Tecum.

For the same reasons, and for the reasons expressed in the within Opinion, I also dismiss as moot Plaintiffs' Motion to Compel Production of Documents at Hearing and defendant Wiley's Notice of Motion to Quash the Subpoenas of Maria Danzilo, Joseph Heider, Kaye Pace, Howard Weiner, and William Zerter regarding the November 3, 2011 contempt hearing.

Finally, for the same reasons, I struck the hearing scheduled for November 3, 2011 on defendant Wiley's motion for reconsideration and plaintiffs' motion for contempt of subpoenas duces tecum from the hearing list.